UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SMITH & WESSON CORP.,

        Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

        Defendant.

Civil Action Case No.

04-30063.MAP

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

## NATURE OF CLAIM, JURISDICTION, AND VENUE

1. This is an action for declaratory relief and breach of contract to recover damages sustained by Smith & Wesson Corp ("Smith & Wesson") arising out of existing, actual controversies between Smith & Wesson and Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") concerning its duty to defend Smith & Wesson under one or more of the commercial umbrella liability insurance policies sold by National Union specifically identified in Exhibit "A" hereto.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, and 15 U.S.C. § 1 et seq.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Local Rule 40.1(D)(1)(c) of the United States District Court for the District of Massachusetts.

## THE PARTIES

4. Plaintiff Smith & Wesson is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Springfield, Massachusetts.

5. Defendant National Union is a Pennsylvania Corporation, with its principal place of business in Pittsburgh, Pennsylvania, that does and transacts business in Massachusetts.

6. National Union sold and issued commercial umbrella liability insurance policies to Smith & Wesson or Smith & Wesson's former parent company, Tomkins PLC, under which Smith & Wesson was, and continues to be, a Named Insured.

7. One or more of the National Union commercial umbrella liability insurance policies issued by National Union are applicable to the underlying claims described, *infra*.

## THE UNDERLYING CLAIMS

8. Smith & Wesson has been named a defendant, along with other firearm sellers and manufacturers, in a number of litigations across the country brought by governmental entities or subdivisions of governmental entities, governmental officials, civil rights organizations, quasi-governmental entities, political action-type organizations, private organizations, groups of individuals, or individuals. Plaintiffs in these underlying actions are collectively referred to herein as "the Entities." A listing of the actions commenced as of the date of this filing is attached hereto as Exhibit "B", and such actions hereinafter collectively are referred to as the "Firearms Litigation."

9. The Entities in the Firearms Litigation seek to recover damages and/or other relief for alleged injuries, damages, costs, abatement costs, or increased costs arising out of the design,

10. Smith & Wesson has incurred and already has paid substantial sums in defending the Firearms Litigation and will continue in the future to expend substantial sums in defending the claims asserted by the Entities in the Firearms Litigation.

11. Smith & Wesson seeks a declaration that defendant National Union has a duty to defend and/or pay defense costs, including premiums on appeal bonds, if any, incurred by Smith & Wesson in defending the claims asserted by the Entities in the Firearms Litigation.

12. In addition, Smith & Wesson seeks an Order requiring defendant National Union to pay damages for all past, present, and future monetary liabilities, expenses and losses, including consequential losses incurred by Smith & Wesson in connection with the claims asserted by the Entities in the Firearms Litigation as a result of the breach or anticipatory breach or both, of defendant National Union's contractual obligations.

## THE INSURANCE POLICIES

13. Defendant National Union sold Smith & Wesson's parent company - Tomkins PLC - the policies of insurance which are more fully identified in Exhibit "A" hereto.

14. Smith & Wesson is a Named Insured under each and every policy referenced in Exhibit "A."

15. Tomkins PLC and/or Smith & Wesson paid substantial premiums to obtain the policies and each of the policies was in full force and effect at all pertinent times.

16. In consideration of the premiums paid, each policy requires defendant National Union to defend suits brought against Smith & Wesson even if they may be groundless, false or fraudulent.

## THE INSURANCE CONTROVERSY

17. Smith & Wesson has incurred substantial fees and costs in connection with the claims asserted by the Entities in the Firearms Litigation and continues to incur additional fees and costs and potential liabilities in connection therewith.

18. Defendant National Union has failed to honor its obligation to defend Smith & Wesson in the Firearms Litigation and has reserved its rights ultimately to deny coverage for the claims asserted by the Entities in the Firearms Litigation.

19. To date, defendant National Union has not paid a single penny in defending its insured Smith & Wesson in the Firearms Litigation. In contrast, Smith & Wesson has been forced to pay millions of dollars defending itself in the Firearms Litigation.

20. Smith & Wesson has complied with all of the terms and conditions precedent, if any, to the insurance policy and/or policies under which it seeks coverage in this action.

21. The insurance policies at issue obligate defendant National Union to defend Smith & Wesson and/or pay all costs, expenses and liabilities associated with the Firearms Litigation and the claims asserted by the Entities therein.

22. Smith & Wesson is entitled to the full benefit of the subject insurance policies.

23. Smith & Wesson has given proper notice of the claims asserted by the Entities and has demanded that defendant National Union fulfill its obligations under its respective policies.

24. Despite Smith & Wesson's demands, defendant National Union has failed to honor its obligations under the insurance policies at issue. Defendant National Union has never agreed to defend Smith & Wesson with respect to the Firearms Litigation.

25. Smith & Wesson reasonably expected defendant National Union to defend and/or pay defense costs for expenses incurred as a result of the Entities' claims in the Firearm Litigation.

26. Defendant National Union's conduct has created uncertainty as to Smith & Wesson's rights and defendant National Union's duties and obligations under the subject insurance policies. Accordingly, Smith & Wesson seeks a declaration of rights from this Court to resolve this doubt and uncertainty.

## COUNT I: DECLARATORY JUDGMENT

27. Smith & Wesson hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 26 of this Complaint, above.

28. Defendant National Union failed to honor and has breached its defense obligations under its respective policies.

29. As such, an actual and justiciable controversy exists between Smith & Wesson and defendant National Union regarding the duties and obligations under the policy or policies issued by defendant with respect to the claims asserted by the Entities in the Firearm Litigation.

30. Smith & Wesson is entitled to a judicial determination and declaration by this Court that defendant National Union is obligated, under its respective policy or policies, to defend Smith & Wesson and/or pay on behalf of Smith & Wesson all defense-related costs and expenses arising from the Firearms Litigation.

## COUNT II- BREACH OF CONTRACT

31. Smith & Wesson hereby adopts by reference and incorporates herein the allegations paragraphs 1 through 30 of this Complaint, above.

32. Smith & Wesson has incurred and will continue to incur defense costs in connection with the claims asserted by the Entities in the Firearms Litigation.

33. Defendant National Union has failed to defend and/or refused to reimburse and indemnity Smith & Wesson for its defense costs.

34. By reason of the foregoing, defendant National Union has breached its obligations under the policies, and is liable to Smith & Wesson for money damages, costs and payments and all other sums incurred by Smith & Wesson or which may be incurred by Smith & Wesson, together with the costs and disbursements of this action, including but not limited to reasonable attorneys' fees and pre-judgment and post-judgment interest.

WHEREFORE, Smith & Wesson Corp. requests that this Court enter judgment in its favor and against defendant National Union:

(A) declaring that defendant National Union must defend Smith & Wesson in the Firearms Litigation;

(B) declaring that defendant National Union fully reimburse Smith & Wesson for all costs incurred to date in defending itself in the Firearms Litigation;

(C) awarding money damages;

(D)   interest; and

(E)   ordering such further or different relief as this Court may deem just and proper.

                                        The Plaintiff
                                        SMITH & WESSON CORP.
                                        By Their Attorneys:

                                        */s/ Deborah D. Ferriter*
                                        Deborah D. Ferriter
                                         BBO No. 568179
                                        Bulkley, Richardson and Gelinas, LLP
                                        1500 Main Street, Suite 2700
                                        Springfield, MA 01115
                                        Tel: (413) 781-2820
                                        Fax: (413) 272-6804

Of Counsel:

William J. Wright, Jr., Esq.
LAW OFFICES OF WILLIAM J. WRIGHT, JR.
37 Elm Street, Suite 5
Westfield, New Jersey 07090
(908) 233-5055